# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**K.MIZRA LLC,**

        **Plaintiff,**

v.                                                         **Case No: 6:21-cv-1293-PGB-EJK**

**TOSHIBA TEC CORPORATION
and TOSHIBA AMERICA
BUSINESS SOLUTIONS, INC.,**

        **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion to Compel Response to Plaintiff's Interrogatory No. 1 (the "Motion") (Doc. 65), filed September 23, 2022. Defendants responded in opposition. (Doc. 69.) Upon consideration, the Motion is due to be denied.

    **I.**    **BACKGROUND**

This is a patent infringement case. Plaintiff is a patent licensing company that owns the patent rights to Sharp Corporation's all-in-one copier, printing, faxing, and scanning devices ("MFPs"). (Doc. 39 ¶¶ 1, 2, 5, 6.) Plaintiff alleges that Defendant Toshiba TEC Corporation designed and manufactured products that infringe on its patents and provided those products to Defendant Toshiba America Business Solutions, Inc. for sale in the United States. (*Id.* ¶ 10.) The Second Amended Complaint brings infringement claims against Defendants for the following patents:

- The '874 patent, entitled "Both-Side Document Reading Apparatus and Both-Side Document Reading Method" (*Id.* ¶ 16);

- The '400 patent, entitled "Document Reading Device" (*Id.* ¶ 23);

- The '711 patent, entitled "Document Reading Apparatus Capable of Sequentially Reading Documents Stacked on an Automatic Document Feeder and a Document Set on a Platen" (*Id.* ¶ 30);

- The '938 patent, entitled "Network System Comprising Customer Replaceable Unit" (*Id.* ¶ 41); and

- The '063 patent, entitled "Electrophotographic Photoconductor and Image Formation Method" (*Id.* ¶ 56).

The parties recently resolved the claim as to the '938 Patent, which is no longer in dispute. (Doc. 66.)

In the present Motion, Plaintiff seeks to overrule Defendants' objections and compel an answer to Interrogatory No. 1 of its First Set of Interrogatories to Defendants. (Doc. 65-1.) Interrogatory No. 1 states: "For each Accused Product identified in the Complaint, identify all products that operate in substantially the same manner with respect to the allegations of the Complaint" (the "Interrogatory"). (Doc. 65-1 at 12.) Plaintiff defines "Accused Products" as "all MFPs made, used, sold, offered for sale, and/or imported in the United States by Toshiba or at Toshiba's request that are identified in the Complaint or products that operate in substantially the same manner." (*Id.* at 3.)

Defendants assert several objections. (Docs. 65-1 at 3–5; 65-3 at 3–5.) Principally, Defendants contend that the Interrogatory impermissibly shifts the burden of identifying infringing products onto them, in violation of the case's Case Management and Scheduling Order. If forced to answer, Defendants state that they would then be required to "interpret the allegations of the Complaint and infer or draw factual and legal conclusions from those allegations as to whether other products 'operate in substantially the same manner' as Plaintiff's allegations of infringement." (Docs. 65-1 at 3; 65-3 at 3.) Defendants also state that Plaintiff's infringement contentions have already been served, and it—not the Second Amendment Complaint—now controls the universe of allegedly infringing products. Defendants also object to the Interrogatory because they contend the information Plaintiff seeks is publicly accessible. Defendants further object that Plaintiff has identified 59 different accused products with multiple areas of operation within those products, and therefore, responding to the Interrogatory would be unduly burdensome. Defendants' final assertion is that the Interrogatory is unlimited in time, scope, or geographic location and is therefore unduly burdensome and disproportionate to the needs of the case.

Plaintiff responds that Defendants' attempt to avoid identifying potentially infringing products that have not been charted in Plaintiff's infringement contentions is improper. (Doc. 65 at 2.) Plaintiff contends that Defendants should be required to identify reasonably similar products with potentially infringing functionality because it has conducted a diligent public search and thus, can do no more. (Doc. 65 at 2.)

## II. STANDARD

Rule 26(b)(1) governs the scope of permissible discovery. The rule states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Nevertheless, Rule 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

## III. DISCUSSION

Plaintiff has not persuaded the Court that Defendant is required to answer the Interrogatory, as drafted. "Discovery is not a fishing expedition in which a party is allowed to probe all of the conduct of an opposing party to try to learn all the ways the opposing party has arguably infringed its rights." *Zamperla, Inc. v. I.E. Park SrL*, No. 6:13-cv-1807-37KRS, 2014 WL 11332269, at *5 (M.D. Fla. Oct. 23, 2014).

Plaintiff relies on *Sony Corp. v. Westinghouse Digital Electronics, LLC*, No. CV 08-3934, 2009 WL 10673261, at *1, *3 (C.D. Cal. Feb. 11, 2009), to demonstrate it is entitled to the discovery requested because in that case, the court ordered the defendant to provide a better answer to an interrogatory that asked the defendant to identify other

- 4 -

potentially infringing products. However, in *Sony*, the interrogatory at issue was much more specifically drafted, requesting the defendant to identify which of its products incorporated an enumerated list of specific high-level features or capabilities. Here, the Interrogatory is broadly drafted and seeks to identify all products that operate in substantially the same manner with respect to all allegations of the Complaint. (Doc. 65-1 at 12.)

The Court agrees with Plaintiff that the Interrogatory need not be confined to rely on Plaintiff's Infringement Contentions, as there is still time to amend those under the Case Management and Scheduling Order ("CMSO") (Doc. 41 at 7–8). And this Court does not have the kind of patent-case local rules that the courts in *SPH America, LLC v. Research in Motion, Ltd.*, No. 13cv2320 CAB (KSC), 2016 WL 6304510, at *2 (S.D. Cal. June 30, 2016), and *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11–5341 YGR (JSC), 2013 WL 588760, at *1 (N.D. Cal. Feb. 13, 2013), had, which place the burden squarely on the plaintiff to identify all infringing products. The CMSO does require Plaintiff to disclose its infringement contentions (Doc. 41 at 2), but the undersigned does not read that requirement to completely foreclose Plaintiff's ability to discover other potentially infringing products.

Further, Plaintiff is correct that information being publicly available will not alleviate a defendant's burden to respond to a request to identify products that operate in a substantially similar manner. *See Roland Corp. v. Inmusic Brands*, No. 17-CV-22405, 2018 WL 11352678, at *2 (S.D. Fla. Aug. 24, 2018). However, Plaintiff will be required to present a more specifically drafted interrogatory before Defendants will be

required to answer. The confusing definition of "Accused Products," which is itself defined to include substantially similar products, in conjunction with Plaintiff's sweeping reference to all "allegations of the Complaint," make for an overly broad discovery request that the Court will not require Defendants to answer.

## IV. CONCLUSION

Accordingly, is it **ORDERED** that Plaintiff's Motion to Compel Response to Plaintiff's Interrogatory No. 1 is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 11, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE